### RUSSELL HARDY, SR. ET UX. *v.* HOUSING MANAGEMENT COMPANY ET AL.

[No. 23, September Term, 1981.]

*Decided May 7, 1982.*

*Motion for reconsideration filed June 1, 1982; denied June 4, 1982.*

The cause was argued before Murphy, C. J., and Smith, Digges, Eldridge, Cole, Davidson and Rodowsky, JJ.

*Russell Hardy, Sr.* for appellants.

*Stanley D. Abrams,* with whom were *Barbara Jo Finer* on the brief for appellee City of Gaithersburg and *Arthur B. Brisker* on the brief for appellee Housing Management Company, for appellees.

*Amicus curiae* brief of Maryland Municipal League, Inc. filed. *Roger W. Titus* on the brief.

Eldridge, J., delivered the opinion of the Court. Murphy, C. J., concurs in the result.

In this case we are asked to decide whether an article of the Montgomery County Code relating to rent control applies within the City of Gaithersburg, an incorporated municipality located within Montgomery County.

Several tenants of apartments located in Gaithersburg, and managed by Housing Management Co., brought an action for damages against Housing Management in the Circuit Court for Montgomery County. The tenants claimed that during their tenancies, from 1971 to 1978, Housing Management received numerous rent increases in violation of Article VI of the Montgomery County Landlord-Tenant Relations Act, Montgomery County Code (1972, 1977 Repl. Vol., 1980 Cum Supp.), § 29-47 *et seq.*

Housing Management demurred on the ground that the county act did not apply within the city. Thereafter, the City of Gaithersburg's motion to intervene on the side of Housing Management was granted, and the city filed a memorandum

in support of the demurrer. After an oral hearing, the trial judge sustained the demurrer without leave to amend.

The tenants then took an appeal to the Court of Special Appeals. Before any proceedings took place in the intermediate appellate court, we granted a petition for certiorari filed by Housing Management and the City of Gaithersburg.

Section 29-75 (a) of the Montgomery County Code (1972, 1977 repl. vol.), sets forth the applicability of the rent control article:

> "This chapter or this article shall be effective throughout the county except in any incorporated town, village or other municipality which by law has authority to enact a law on the same subjects as covered by the various articles and sections of this chapter. If any such incorporated town, village or other municipality shall adopt this chapter or any article of it and request the county to enforce the provisions thereof within its corporate limits, the county shall thereafter administer and enforce the same within such incorporated town, village or municipality. The county executive is authorized to enter into agreements with such incorporated town, village or municipality to collect the administrative costs of implementation from such municipalities."

Thus, the county rent control law, by its own language, is not effective in any incorporated municipality which has authority to enact similar laws, whether or not it has actually exercised such authority. The question in this case is, therefore, whether the City of Gaithersburg has authority to regulate landlord-tenant relations.

It is well established under our decisions that a municipal corporation has but limited authority. This Court has often quoted 1 J. Dillon, *Municipal Corporations* § 237 (5th ed. 1911) as follows:

> "[A] *municipal corporation ... can exercise the following powers, and no others:* First, those

granted in *express words;* second, those *necessarily
or fairly implied* in or *incident* to the powers
expressly granted; third, those *essential* to the
accomplishment of the declared objects and
purposes of the corporation, — not simply
convenient, but indispensable."

*See New Carrollton v. Belsinger Signs,* 266 Md. 229, 237,
292 A.2d 648 (1972); *McRobie v. Town of Westernport,* 260
Md. 464, 467, 272 A.2d 655 (1971); *Montgomery Co. v. Met.
District,* 202 Md. 293, 304, 96 A.2d 353 (1953). In each of
those cases, the Court held that the municipal corporation
involved had acted beyond the scope of its express or implied
grant of authority.

The charter of the City of Gaithersburg, however, has a
clause which differentiates this case from those cited above.
Section 71-19 (47) of the city charter states:

"In addition to all powers granted to the council by
this Charter or any other provision of law, the coun-
cil may exercise any power or perform any function
which is not now or hereafter denied to it by the
Constitution of Maryland, this Charter, or any
applicable law passed by the General Assembly of
Maryland. The enumeration of powers and func-
tions in this Charter or elsewhere shall not be
deemed to limit the power and authority granted by
this paragraph 71-19 (47)."

It is recognized that, if a municipal charter expressly grants
general authority such as that quoted above, the grant effec-
tively extends the municipality's authority beyond the
specific powers otherwise set forth in the charter. Dillon,
*supra* at §§ 585, 586, states that such a general grant is
permissible, and that while it "does not enlarge or annul the
power conferred by the special provisions in relation to their
various subject matters, [it] gives authority to pass by-laws,
reasonable in their character, upon all other matters within
the scope of their municipal authority, and not repugnant to
the Constitution and general laws of the State." *See also* 2
and 6 E. McQuillin, *Municipal Corporations,* §§ 10.23,

10.24, 24.43, 24.44 and 24.45 (R. Eickhoff & M. Meier 3d ed. 1979).

In light of this Court's decision in *County Council v. Investors Funding,* 270 Md. 403, 312 A.2d 225 (1973), the grant of authority in § 71-19 (47) of the Gaithersburg Charter encompasses the power to enact rent control provisions similar to those enacted by Montgomery County. Since the county rent control provisions by their own terms do not apply within municipalities having such powers, the county provisions do not apply within the City of Gaithersburg.[1]

> *Judgment of the Circuit Court for Montgomery County affirmed. Respondents to pay costs.*

---

[1]. Because the county rent control provisions expressly do not apply in municipalities which have the power to enact similar measures, the issues involved in Town of Forest Heights v. Frank, 291 Md. 331, 435 A.2d 425 (1981), are not presented in this case.